1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Ramon Gomez, et al.,                        No. CV-16-04228-PHX-DGC

10                   Plaintiffs,                  **ORDER**

11   v.

12   State of Arizona, et al.,

13                   Defendants.

14

15

16          Plaintiffs Raymond Gomez, Tony Gomez, Maria Helena Gomez, Maria Luz

17   Gomez Caballero, Jesus Gomez, Catalina Gomez, Maria Consuelo Gomez, and Felicia

18   Rea Gomez collectively have filed a document titled "Motion: Obstructing Justice by

19   Interfering with Federal Process Server."  Doc. 4.  Defendant Maricopa County Superior

20   Court Commissioner Terri Clark opposes the motion.  Doc. 24.  The motion will be

21   denied.

22          On December 6, 2016, Plaintiffs, through a federal process server, attempted to

23   serve Defendant Clarke with a summons and complaint at "the Maricopa County

24   Superior Court."  Doc. 4, ¶ 3.  The process server identified himself and his purpose, and

25   Defendant Clarke ordered a sheriff's deputy on duty to remove the process server from

26   the building, thus preventing service.  *Id.*  The process server attempted service twice

27   more over the following two days, and Defendant Clarke refused service each time.  *Id.*

28          On December 9, 2016, Plaintiffs filed this motion, alleging that the actions of

Defendant Clarke constitute obstruction of justice, and move the Court to: "(1) Order US Marshall [sic] to serve defendant Terri Clarke, (2) Issue warrant for the arrest of Commissioner Terri Clarke, (3) Enter a default judgment in part related to Defendant Commissioner Terri Clarke."  *Id.*, ¶ 6.  On December 27, 2016, Defendant Clarke filed a response, contemporaneously with the filing of a motion to dismiss on behalf of all Defendants.  Doc. 24.  Defendant Clarke states in the response that she "submits to the jurisdiction of the Court."

As an initial matter, the Court cannot conclude that avoiding service of a civil complaint is ground for a criminal charge of obstruction, nor is the Court empowered to bring a criminal charge of obstruction.  Avoidance of process is dealt with procedurally. Federal Rule of Civil Procedure 4(e) provides that "unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under Arizona law, if personal service is impracticable, a party may move the Court to allow alternative service.  Ariz. R. Civ. P. 4.1(k).  Thus, in the event that a defendant avoids service, the proper action is for the plaintiff to seek an alternative form of service from the Court, not an arrest warrant.

Second, default judgment is not appropriate.  Typically, default is sought by a party under Rule 55 after the opposing party has failed to appear, plead, or otherwise defend against a complaint within the time allowed under by the rules.  *See* Fed. R. Civ. P. 55.  The Court may also grant default against a party under Rule 37(b) for failing to comply with a court order.  But such relief is extreme and disfavored.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("[T]he general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible.").  Defendant Clarke has appeared and submitted to the jurisdiction of the Court.  Default judgment is not warranted.

Lastly, Plaintiffs ask the Court to order service by U.S. Marshals.  Doc. 4, ¶ 6.

Because Defendant Clarke has submitted to the jurisdiction of the Court (Doc. 24 at 2), service is no longer necessary.

**IT IS ORDERED** that Plaintiffs' motion (Doc. 4) is **denied**.

Dated this 21st day of February, 2017.

David G. Campbell
United States District Judge