**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond P Gomez, et al., | No. CV-16-04228-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Defendants have filed a total of four motions to dismiss the two separate amended complaints pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Docs. 65, 66, 71, 73. The motions are fully briefed. Docs. 88, 89, 91,[1] 95, 97, 98, 100, 102, 103, 105. For the reasons discussed below, the Court will grant the motions. The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.  Background.**

**A.  Maricopa County Superior Court Probate Action (PB2015-091767).**

Catalina Gomez stands at the factual heart of this case. In connection with an ongoing conservatorship/guardianship matter brought in Maricopa County Superior Court (PB2015-091767), Catalina was found incompetent. Doc. 60, ¶ 11. On July 6, 2016, Southwest Fiduciary ("SWF") was appointed as Catalina's conservator, Brian J. Theut

---

[1] Plaintiffs erroneously filed a duplicate copy of Doc. 91, recorded as Doc. 96.

was appointed as her counsel, and Yvette Banker, of the Banker Law Office PLLC, was appointed as her guardian ad litem. *Id.*, ¶¶ 12-13.

In October 2016, SWF filed an initial inventory and appraisement regarding Catalina's property, and identified a commercial parcel located at 202 E. Broadway Road in Mesa, Arizona (the "Property"). *Id.*, ¶ 14. SWF's inventory assessment estimated the value of the Property at about $290,000, and also identified a deed of trust on the Property securing a $175,000 loan made to Catalina in 2015. *Id.*, ¶ 15.

In March or April of 2016, the beneficiary of the deed of trust, Dafni LLC, recorded a notice of trustee's sale on the Property. *Id.*, ¶ 17. On September 30, 2016, the trustee's sale occurred and Dafni purchased the Property with a credit bid of $179,118.16. *Id.*, ¶ 18. On October 4, 2016, the trustee executed a trustee's deed conveying the Property to Dafni. *Id.*, ¶ 19. Plaintiffs allege that Defendants failed to take any action to avoid the trustee's sale. *Id.*, ¶ 24.

On October 27, 2016, Ms. Banker filed a motion for discharge as the guardian ad litem, and was subsequently discharged from her responsibilities. *Id.*, ¶ 20. Plaintiffs allege that Ms. Banker, in her motion for discharge, asserted that SWF had evaluated the Property and determined there was no value in excess of encumbrances. *Id.*, ¶ 21. Plaintiffs note that this assertion contradicts SWF's October 18, 2016 filing stating that the Property had more than $100,000 in equity. *Id.*, ¶ 23.

**B.  Case History.**

On December 5, 2016, Raymond Gomez filed the initial complaint in this action, pro se, on behalf of himself and seven other Plaintiffs, including Catalina Gomez, Jesus Gomez, Tony Gomez, Maria Helena Gomez, Maria Consuelo Gomez, Maria Luz Cabaleiro [sic], and Felicia Rea Gomez. Doc. 1. After Defendants' counsel met and conferred with the Plaintiffs, Plaintiffs agreed to file an amended complaint. *See, e.g.*, Doc. 71 at 2.

On January 30, 2017, a pro-se amended complaint was filed on behalf of "Gomez et al." and was signed by Raymond Gomez, Tony Gomez, Felicia Rea Gomez, Maria Luz

Caballero, and Maria Gomez. Doc. 57 ("RG-Complaint").[2] On February 1, 2017, a separate amended complaint was filed by counsel on behalf of Jesus Gomez, as guardian of Catalina Gomez. Doc. 60 ("CG-Complaint").[3] Both amended complaints named multiple Defendants, including the State of Arizona, Governor Ducey, Terri Clarke, Gregory Dovico, Peggy Dovico, Southwest Fiduciary Incorporated, Brian J Theut, the law firm of Theut Theut & Theut PC, and Yvette Banker. Docs. 57, 60.

The parties later stipulated to dismiss the State of Arizona, Governor Ducey, Terri Clarke, Gregory Dovico, Peggy Dovico, and Southwest Fiduciary, Inc. Docs. 84, 101. The remaining Defendants, Theut and Banker, now seek dismissal under Rules 12(b)(1) and 12(b)(6). Docs. 65, 66, 71, 73.

## II. Legal Standard.

### A. Subject-Matter Jurisdiction.

Lack of subject-matter jurisdiction may be raised at any time by the parties or the Court. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a facial attack, the Court takes the allegations in the plaintiff's complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The party invoking the Court's jurisdiction has the burden of establishing it. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government." *Raines v. Byrd,* 521 U.S. 811, 818 (1997) (citation omitted). In order to show that a case or controversy exists, a plaintiff

---

[2] Plaintiffs connected with the RG-Complaint will be referred to collectively as the "RG-Plaintiffs."

[3] Plaintiffs connected to the CG-Complaint will be referred to collectively as the "CG-Plaintiffs."

must establish that he has standing to bring suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff has standing if he (1) "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Dunn v. Haag*, No. 16-CV-00792-JST, 2017 WL 818863, at *2 (N.D. Cal. Mar. 2, 2017).

**B.  Failure to State a Claim.**

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III.  RG-Complaint.**

The RG-Complaint generally asserts that Defendants have (1) violated the RG-Plaintiffs' constitutional rights protected by the First, Fifth, Thirteenth, and Fourteenth Amendments, and (2) violated several federal laws, including the Civil Rights Act of 1983, 1964, 1986, and the Americans with Disabilities Act. Doc. 57, ¶ 2. Defendants

move to dismiss the RG-Complaint for failure to state a claim and lack of standing. Docs. 65, 66. The RG-Complaint asserts the following factual allegations against the Theut Defendants:

    (1) Brian Theut had no contact with Raymond before an unspecified hearing, despite contacting other children of Catalina;

    (2) Another attorney at Theut law firm promised Raymond that the law firm would keep in contact with him, but it did not;

    (3) "Parties had [Raymond's] contact information and chose to discriminate/not include Raymond";

    (4) The law firm kept their doors locked during business hours without reason and only allowed Raymond entrance once;

    (5) "Brian Theut never spoke with Raymond Gomez . . . outside of hearing. No court filings were sent to Raymond prior to hearing, violating the 5th and 14th amendments. All court filings made prior to hearing were not received by plaintiff Raymond Gomez until after the hearing";

    (6) Defendants "[c]onspired with other white Caucasian officers of the court discriminating against plaintiff based on race, disability and sexual orientation violating the § 5 ADA 1990, 5th and the 14th amendments";

    (7) The Theut Defendants "had a legal obligation to represent and defend Catalina Gomez as their client. Defendants acted in the best interest of the court and themselves."

    (8) "Actions of defendant Brian Theut can only be explained by conscious discrimination or incompetence which caused slavery of Plaintiff Catalina Gomez and damaging discrimination against Plaintiff Raymond Gomez."

*Id.*, ¶ 13; *see also* Doc. 65 at 3.

The RG-Complaint makes similar allegations against Defendant Banker, and adds:

(1) Ms. Banker "testified of hearsay allegations later proven false in court as fact in Arizona PB2015-091767 prejudicing court against plaintiff Raymond Gomez";

(2) Ms. Banker "was told by nonparty in case not to trust [Raymond]'s same sex partner"; and

(3) "directly after court hearing . . . [Ms. Banker] and Jennifer Murphy (not [a] defendant in this case) verbally attacked [Raymond]. They had prior knowledge of [Raymond's] disability."

Doc. 57, ¶ 12.

### A. Claims on behalf of Catalina Gomez.

Many of the allegations in the RG-Complaint pertain directly to Catalina Gomez. *See id.*, ¶¶ 12-13. But Catalina is not party to the RG-Plaintiffs' complaint, and the RG-Plaintiffs do not allege that they are permitted to assert claims on Catalina's behalf. Rather, Catalina is represented by her own counsel in a separate complaint. *See* Doc. 60. Because the RG-Plaintiffs have no ability to assert Catalina's claims, all such claims must be dismissed.

### B. Standing.

The doctrine of standing requires that a party "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). RG-Plaintiffs' claims seem to allege that Theut and Banker's failure in representing Catalina Gomez during the probate action caused them, as her children, to be injured. *See* Doc. 57. But the RG-Complaint does not specify what injuries the RG-Plaintiffs actually suffered.

RG-Plaintiffs Tony Gomez, Felicia Gomez, Maria Luz Caballero, and Maria Gomez make no specific factual allegations as to their claims at all. *Id.* Instead, they allege only that Theut "[d]id not represent Catalina's interests, but represented the State interests, colluded with other appointed parties instead of protecting Catalina's interests and defending her," and that Banker "[c]onspired with other white Caucasian officers of

the court discriminating against plaintiff based on race, disability and violating § 5 ADA 1990 and the 14th amendment." *See id.*, ¶¶ 21, 25-26, 28, 32-33, 35, 37-38, 40, 44-45. Because the RG-Complaint fails to allege any injury to Tony Gomez, Felicia Gomez, Maria Luz Caballero, and Maria Gomez, the claims of those Plaintiffs must fail for lack of standing. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

The RG-Plaintiffs do not address standing in their response. *See* Doc. 88. Instead, the RG-Plaintiffs argue that jurisdiction is proper under 28 U.S.C. § 1367. *Id.* at 6. Section 1367 provides for supplemental jurisdiction over state law claims forming part of the case and controversy of a claim over which the district court has original jurisdiction. 28 U.S.C. § 1367. It does not serve to establish standing.

Plaintiff Raymond Gomez does allege various injuries, as noted above. Although the Court concludes that he has failed to state a claim on which relief can be granted, he has alleged injury sufficient for standing purposes.

### C. Failure to State a Claim.

The RG-Complaint fails to state a claim upon which relief can be granted against the Theut Defendants and Defendant Banker. The complaint alleges that Defendants violated the RG-Plaintiffs' constitutional rights under the First,[4] Fifth,[5] Thirteenth,[6] Fourteenth,[7] and Fifteenth[8] Amendments. *See* Doc. 57. The RG-Plaintiffs also assert claims under "§1324, 1964, 1965, 1983, and 1986 Civil Rights Acts" and "[t]he Americans with Disabilities Act of 1990." *Id.*, ¶2. But the RG-Plaintiffs never establish

---

[4] Doc. 57, ¶¶ 2, 23.1, 24.3, 30.1, 31.3, 35.3, 36.3, 42.1.

[5] *Id.*, ¶¶ 2, 5, 10, 11, 12, 13, 13.5, 13.6, 14, 14.3, 16.13, 20.2, 23.1, 24.3, 30.1, 31.3, 35.3, 36.3, 42.1.

[6] *Id.*, ¶¶ 2, 5, 14.6, 16.6, 16.13, 16.15, 16.16, 16.17, 20.2, 23.1, 24.3, 30.1, 31.3, 35.3, 36.3, 42.1, 48.

[7] *Id.*, ¶¶ 2, 5, 10, 12, 13, 13.5, 13.6, 14, 14.3, 14.8, 15.2, 16.13, 17.1, 17.4, 19.4, 20.2, 20.3, 23.1, 24.3, 25, 27, 30.1, 31.3, 32, 34, 35.3, 36.3, 37.1, 39.4, 42.1, 44.1, 46.4.

[8] *Id.*, ¶¶ 2, 6, 16.6, 23.1, 24.3, 30.1, 31.3, 35.3, 36.3, 42.1).

the legal basis for any claim in the complaint. Nor do they connect the facts they allege to the legal conclusions they assert. *Id.*

### 1. First, Fifth, Fourteenth, and Fifteenth Amendment.

The RG-Plaintiffs' First, Fifth, Fourteenth, and Fifteenth Amendment claims fail because they do not allege state action. "[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982). "And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Id.* "'[U]nder color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Id.* Similarly, "the Fifth Amendment only protects against federal governmental action infringing on life, liberty, or property which is not at issue in this case." *Martinez v. Goddard*, 521 F. Supp. 2d 1002, 1012 (D. Ariz. 2007) (citing *Fidelity Financial Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1435 (9th Cir. 1986)). And the Fifteenth Amendment states that "[t]he right of citizens of the United States to vote shall not be denied or abridged *by the United States or by any State* on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1 (emphasis added).

Because the state defendants have been dismissed (*see* Docs. 84, 101), and the RG-Plaintiffs make no claim that the Theut and Banker Defendants acted "under color of state law" or on behalf of the federal government, their First, Fifth, Fourteenth, and Fifteenth Amendment claims will be dismissed.

### 2. Thirteenth Amendment.

"Federal courts have held that the Thirteenth Amendment does not give rise to an independent cause of action against private parties; plaintiffs must instead base such claims on one of the statutes implementing the Thirteenth Amendment, such as [42

U.S.C.] § 1994." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 402-03 (S.D. Cal. 1997); *see also*, 42 U.S.C. § 1994 ("The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States" and "any attempt . . . made to establish . . . the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void."). The RG-Plaintiffs cite no authority that would allow a claim to proceed directly under the Thirteenth Amendment against private parties such as the Defendants here.

Furthermore, even if such a cause of action existed, the RG-Plaintiffs have alleged no facts indicating that either Theut or Banker subjected them to involuntary servitude. "'Involuntary servitude' has been held to mean action by a master causing a servant to have, or believe he or she has, no way to avoid continuing to work for the master." *See Metzger*, 967 F. Supp. at 402-03. The RG-Plaintiffs have not alleged that they worked for Defendants in any way. Accordingly, the RG-Plaintiffs' Thirteenth Amendment claims must be dismissed.

### 3. Federal Law Claims.

The RG-Plaintiffs fail to allege sufficient facts in support of their claims under "§1343, 1964, 1965, 1983, 1985 and 1986 Civil Rights Acts" and "[t]he Americans with Disabilities Act of 1990." Doc. 57, ¶2. The RG-Plaintiffs' claims under §§ 1983, 1985, and 1986 fail because they require state action. *See* 42 U.S.C. §§ 1983, 1985, 1986. The claim under "§ 1343," which the Court presumes to refer to 28 U.S.C. § 1343, also fails. Section 1343 merely provides that the district courts have original jurisdiction over claims to recover damages for injuries to person or property under § 1985 and other federal statutes protecting civil rights, and "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343. Section 1343 does not create a claim for relief in its own

right. Furthermore, because it allows for jurisdiction over claims that require state action, it fails as a matter of law.

The RG-Plaintiffs also assert claims under §§ 1964 and 1965, which the Court presumes to refer to 18 U.S.C. §§ 1964-65. Section 1964 establishes the civil remedies available under the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964. Section 1965 details the proper venue and process for bringing such an action. *See* 18 U.S.C. § 1965. To the extent the RG-Plaintiffs attempt to assert a civil RICO claim, they fail to allege sufficient facts. To state a claim under RICO, the RG-Plaintiffs must assert specific facts alleging establishing how and why it is plausible that Defendants violated the act.

The RG-Plaintiffs' final federal law claim is made under "[t]he Americans with Disabilities Act of 1990." Doc. 57, ¶ 2. The RG-Plaintiffs assert that "Plaintiff Raymond Gomez is a disabled, Hispanic male in a same sex relationship. Which did, but should have had no bearing in Arizona PB2015-091767 or any other case before the courts," and that "Plaintiff Catalina Gomez a Hispanic, disabled, Democrat." *Id.*, ¶¶ 5.1, 15.6. First, as discussed above, the RG-Plaintiffs may not assert claims on behalf of their mother, Catalina Gomez. Any claims asserted on her behalf must be dismissed. Second, the RG-Plaintiffs fail to allege any specific facts in support of their claim that Defendants' conduct violated the ADA. *See id.*

### D. Amendment.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks omitted). But "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

Amendment in this instance would be futile. As described above, most of the RG-Plaintiffs' claims fail as a matter of law for want of state action. The only two claims that do not require state action are the ADA and RICO claims. But after two opportunities to plead facts in support of those claims, the RG-Plaintiffs have failed provide even a single suggestion of how Defendants could have violated either statute. This lawsuit is against the attorney and guardian for Plaintiffs' mother. The Court can see no situation where such a claim could arise under the ADA. ADA claims can arise from employment discrimination, but the RG-Plaintiffs have no employment relationship with Defendants. ADA claims can arise through disability discrimination in public accommodation, but Defendants provide no such accommodations. It is equally implausible that the legal work of lawyers and guardians, even if in some sense defective, could amount to racketeering. Given the nature of this case and the fact that the RG-Plaintiffs have twice failed to plead any facts that could support ADA and RICO claims, the Court finds that further amendment would be futile. The Court will dismiss the RG-Complaint without leave to amend.

**III. CG-Complaint.**

The CG-Plaintiffs allege that Mr. Theut and Ms. Banker and their firms are liable for damages because they took no action to avoid the trustee's sale or to prevent the loss of Catalina's property. Doc. 60. Specifically, the CG-Complaint asserts the following state law causes of action: (1) Breach of Fiduciary Duty, (2) Legal Malpractice, (3) Negligent Misrepresentation, (4) Exploitation of a Vulnerable Adult, (5) Officer and Director Liability. *Id.*, ¶¶ 29, 34, 41, 51. These are all state law claims.

The CG-Plaintiffs allege that this Court has supplemental jurisdiction over their state claims pursuant to 28 U.S.C. § 1367. But with the federal claims of the RG-Plaintiffs dismissed, the Court has discretion to dismiss the remaining state law claims. 28 U.S.C. § 1367(c)(3). "To decline jurisdiction under section 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and

fairness to the parties, and comity." *Trs. Of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape and Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

The CG-Plaintiffs' state law claims are most properly addressed by the courts of Arizona – courts charged with administering the laws of Arizona and more familiar with state law claims. This is particularly true given the state-court origins of this case and the state procedures governing guardianships. Courts have recognized that when all federal claims are eliminated early in a case and only state claims remain, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-51 (1988); *see Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (holding that the district court properly declined to exercise supplemental jurisdiction after granting defendants' motion to dismiss federal claims).

Furthermore, the Court doubts that even § 1367 jurisdiction exists. The CG-Plaintiffs and RG-Plaintiffs are distinct parties bringing distinct causes of action. *See* Docs. 57, 60. The CG-Plaintiffs do not cite, nor has the Court found, a single case where one plaintiff was permitted to bring state law claims in a separate complaint in federal court under § 1367 because a different plaintiff in a different complaint asserted federal claims. *Compare Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (The "requirement [that an intervening party show independent jurisdictional grounds for their independent claims] stems, however, from our concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts. This concern manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction."). The Court need not address this issue, however, given its discretionary decision to dismiss the CG-Plaintiffs' claims.

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Docs. 65, 66) the RG-Plaintiffs' Amended Complaint (Doc. 57) are **granted** without leave to amend.

2. Defendants' motions to dismiss (Docs. 71, 73) the CG-Plaintiffs' Amended Complaint (Doc. 60) is **granted** without prejudice.

3. All remaining motions are **denied** as moot.

4. The Clerk is directed to terminate this action.

Dated this 23rd day of May, 2017.

_____
David G. Campbell
United States District Judge