1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond P Gomez, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona, et al.,<br><br>Defendants. | No. CV-16-04228-PHX-DGC<br><br>**ORDER** |

This case has been pending for almost one year. Four different complaints have been filed. Docs. 1, 57, 60, 141. In the most recent second amended complaint, Plaintiff Jesus Gomez, in his capacity as guardian for Catalina Gomez, filed a complaint with a federal cause of action under 42 U.S.C. § 1983. Doc. 141. Plaintiff relies on this federal claim to trigger supplemental jurisdiction over her remaining state-law claims. *Id.* ¶ 14 (citing 28 U.S.C. § 1367). As the Court previously noted, it will first consider the viability of this federal claim before addressing arguments regarding the dismissal of state-law claims against various Defendants. Doc. 140.

The Maricopa County Public Fiduciary, Maricopa County Attorney's Office, Andrea Cummings, and Jennifer Murphy (collectively, "County Defendants") have moved for judgment on the pleadings on the § 1983 claim. Doc. 164. The motion is fully briefed, and no party requests oral argument. For the reasons that follow, the Court will dismiss the § 1983 claim and decline to exercise jurisdiction over the remaining state-law claims.

## I. Background.

For purposes of this motion, Plaintiff's factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Catalina Gomez stands at the factual heart of this case. In connection with an ongoing conservatorship/guardianship matter brought in Maricopa County Superior Court (PB2015-091767), Ms. Gomez was found incompetent. Doc. 141 ¶ 15. Shortly before this finding of incompetence, Ms. Gomez executed a deed of trust on a commercial parcel she owned located at 202 E. Broadway Road in Mesa, Arizona (the "Property"), in return for a $175,000 loan. *Id.* ¶¶ 19-20.

On March 24, 2016, the probate court appointed the Maricopa County Public Fiduciary ("MCPF") as temporary conservator of Ms. Gomez's estate. *Id.* ¶¶ 31-32; Doc. 164-1 at 3. MCPF employee Jennifer Murphy handled the estate with the help of Andrea Cummings from the Maricopa County Attorney's Office ("MCAO"). *Id.* ¶¶ 33-34. On April 25, 2016, the beneficiary of the deed of trust, Dafni LLC, recorded a notice of trustee's sale on the Property. *Id.* ¶ 21; Doc. 164-1 at 16; Doc. 170-1 at 45. On May 16, 2016, the County Defendants filed an emergency motion to stay this sale for 180 days (Doc. 164-1 at 11), and the probate court addressed the motion at a June 16, 2016, evidentiary hearing. Doc. 141 ¶¶ 37, 39; Doc. 170-2 at 41. The County Defendants did not make an oral argument at the hearing (*id.* ¶ 42), but the court later prohibited sale of the Property without its prior approval. Doc. 164-1 at 46; Doc. 170-2 at 58.

On July 6, 2016, the probate court replaced the County Defendants with a permanent conservator, Southwest Fiduciary, Inc. *Id.* ¶ 16. On September 30, 2016, the trustee's sale occurred and Dafni purchased the Property with a credit bid of $179,118.16. *Id.* ¶ 22. On October 4, 2016, the trustee executed a deed conveying the Property to Dafni. *Id.* ¶ 23.

Southwest Fiduciary subsequently filed an initial inventory and appraisement of Ms. Gomez's estate, which estimated the value of the Property at $290,800. *Id.* ¶¶ 18-19; Doc. 164-1 at 83. It also identified the deed of trust on the Property securing a $175,000 loan. Doc. 141 ¶¶ 18-19. These figures suggest that Ms. Gomez had more than $100,000

equity in the Property, but sale of the Property for a credit bid effectively eliminated any equity. *See id.* ¶¶ 19-20, 22, 27.

Plaintiff alleges that the County Defendants failed to take any action to avoid the trustee's sale. *Id.* ¶ 26. Plaintiff asserts a claim against the County Defendants pursuant to 42 U.S.C. § 1983 under this theory: "the Plaintiff was deprived of her property and valuable property rights, including, among other things, her property and due process rights under the Fourteenth Amendment to the United States Constitution, in violation of the Constitution, and other Federal laws." *Id.* ¶ 81.

## II. Legal Standard.

Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard applies to motions brought under either rule. *Cafasso v. United States ex. rel. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Thus, a successful Rule 12(c) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion for judgment on the pleadings as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Scope of Review.

The County Defendants ask the Court to take judicial notice of several exhibits, which they characterize as public records. Doc. 164 at 3 n.3. A court may not consider evidence outside the pleadings unless it converts the Rule 12(c) motion into a Rule 56 motion for summary judgment and gives the nonmovant an opportunity to respond. Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider matters of judicial notice without converting the motion into one

for summary judgment. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015); *Ritchie*, 342 F.3d at 908. The Ninth Circuit has explained:

> Courts may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2).

*Ritchie*, 342 F.3d at 908-09.

Plaintiff does not object to the authenticity of the County Defendants' exhibits. The Court therefore takes judicial notice of Exhibits A through K, and N, which are public records of the probate court proceedings. The Court will not consider Exhibits L, M, and O, which do not appear to be official public records.

Plaintiff likewise refers to several exhibits in her response. *See* Doc. 170. The County Defendants do not object to their consideration or their authenticity. The Court therefore takes judicial notice of Exhibits 1 through 5, 7, 10 through 15, 19, and 20, which are public records of the probate court proceedings. The Court will not consider Exhibits 6, 8, 9, 16 through 18, or 21, as they do not appear to be official public records and Plaintiff identifies no avenue through which the Court might otherwise consider them. The Court notes, however, that consideration of these materials would not change its decision.

**IV. Discussion.**

"Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quotation marks and citation omitted). To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a § 1983 claim "is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of

either element." *Naffe*, 789 F.3d at 1036.

### A. Proximate Causation.

The County Defendants contend that their conduct was not the proximate cause of the trustee's sale. Doc. 164 at 8-9. Specifically, they argue that they acted only as the temporary conservator until the permanent conservator's appointment in July 2016. *Id.* Because their involvement was terminated approximately three months before the trustee's sale, they argue, Plaintiff cannot show proximate causation. *Id.* Plaintiff counters that the County Defendants' inaction despite knowledge of a potential trustee's sale was a contributing factor, even if the harm occurred after they were discharged. Doc. 170 at 6. In particular, Plaintiff argues that although the County Defendants made a motion to stay the sale, they did not make an oral argument in support of the motion or assert any substantive basis to challenge the validity of the deed of trust. *Id.* at 4, 6. In any event, Plaintiff argues that this point is an issue of fact that is more suitable for summary judgment or trial. *Id.* at 6-7.

The Court agrees with Plaintiff. "[A] question of causation is preeminently a question of fact, to be decided after trial." *Tahoe Sierra Pres. Council., Inc. v. Tahoe Reg'l Planning Agency*, 34 F.3d 753, 756 (9th Cir. 1994). Plaintiff's complaint, accepted as true, suggests that the County Defendants neglected to take action to prevent the trustee's sale. According to Plaintiff's complaint, this contributed to the harm. The Court cannot grant judgment on the pleadings for lack of proximate causation.

### B. *Monell* Liability.

The County Defendants argue that the complaint fails to establish the requirements for municipal liability under § 1983. Doc. 164 at 11-12. Plaintiff counters that the complaint establishes municipal liability by alleging MCPF and MCAO's failure to train Ms. Cummings and Ms. Murphy. Doc. 170 at 10-11.

Under § 1983, municipalities may not be held vicariously liable for their employees' violations of constitutional rights. *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1158 (9th Cir. 2014). "[W]hile a municipality may not be held liable under § 1983 for

the torts of its employees on a theory of *respondeat superior*," *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002), a municipality may be held liable "where the failure to train [its employees] amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The complaint alleges: "On information and belief, MCAO and/or MCPF failed to train and supervise its employees and representatives, including Ms. Cummings and Ms. [Murphy], with respect to the handling of conservatorships that included commercial properties, properties in foreclosure, or avoidance of contracts entered into by an incapacitated adult." Doc. 141 ¶ 85. Plaintiff provides no factual allegations to support this contention. Instead, she merely offers a conclusion that the MCAO or MCPF failed to train Ms. Cummings and Ms. Murphy. *Id.* The lack of factual allegations to establish a failure to train means that the Court cannot "infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. For this reason, the Court will grant judgment in favor of the MCAO and MCPF.

### C. Procedural Due Process.

The County Defendants contend that Plaintiff's § 1983 claim fails because Plaintiff received procedural due process in the probate court. Doc. 164 at 12. Plaintiff counters that the poor quality of County Defendant's representation in those proceedings effectively deprived them of procedural due process. Doc. 170 at 11.

"To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (internal quotation marks omitted).

The complaint fails to identify any relevant procedures Plaintiff was denied. Nor does Plaintiff cite any authority to suggest that the County Defendants' failure to make an oral argument or assert the invalidity of the deed of trust denied her the procedural

protections of probate court. Indeed, the complaint is replete with references to probate court filings, hearings, and orders. *E.g.*, Doc. 141 ¶¶ 15-18, 24, 30-32, 37-39, 42-43. The complaint does not allege that the County Defendants circumvented probate court procedures or orders to facilitate the trustee's sale. The Court will grant judgment in favor of the County Defendants on the procedural due process claim.[1]

## V. Disposition.

Plaintiff's complaint asserts seven state-law claims against various Defendants. Doc. 141. Plaintiff alleges that the Court has supplemental jurisdiction over her state claims pursuant to 28 U.S.C. § 1367. *Id.* ¶ 14. But with the only federal claim dismissed, the Court has discretion to dismiss the remaining state-law claims. 28 U.S.C. § 1367(c)(3). "To decline jurisdiction under section 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape and Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

Plaintiff's state-law claims are most properly addressed by the courts of Arizona – courts charged with administering the laws of Arizona and more familiar with state-law claims. This is particularly true given the state-court origins of this case and the state procedures governing guardianships. Courts have recognized that when all federal claims are eliminated early in a case and only state claims remain, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *see Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.

---

[1] Plaintiff does not suggest that she is asserting a substantive due process claim, and the Court concludes that she could not assert such a claim. "To violate substantive due process, the alleged conduct must 'shock the conscience' and 'offend the community's sense of fair play and decency.'" *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952)). This is a heavy burden – the complaint must identify conduct "so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience." *Goldyn v. Clark Cty.*, 346 F. App'x 153, 155 (9th Cir. 2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)). Mere negligence is insufficient – "the Constitution does not guarantee due care on the part of state officials." *Lewis*, 523 U.S. at 848-49. Plaintiff's complaint alleges no conduct that could satisfy this high standard.

2001) (holding that the district court properly declined to exercise supplemental jurisdiction after granting defendants' motion to dismiss federal claims). The Court elects not to exercise supplemental jurisdiction over the state claims.

**IT IS ORDERED:**

1. The County Defendants' motion to dismiss (Doc. 164) is **granted** as to Count Seven.
2. Plaintiff's complaint (Doc. 141) is **dismissed**.
3. All remaining motions (Docs. 147, 152, 154) are **found to be moot**.
4. The Clerk is directed to **terminate** this action.

Dated this 17th day of November, 2017.

_____
David G. Campbell
United States District Judge